Gabriel DIAZ, Ray Baker, John Fannon,
and Ronald Vincent Peccia,
Appellants,

v.

UNITED STATES of America,
Appellee.

No. 20498.

United States Court of Appeals
Fifth Circuit.

Feb. 23, 1965.

Rehearing Denied April 30, 1965.

G. Wray Gill, Sr., George M. Leppert, New Orleans, La., Paul H. Brinson, Coral Gables, Fla., for appellants.

David E. Ellenhorn, Atty., Dept. of Justice, Washington, D. C., Donald E. Stoen, Asst. U. S. Atty., Miami, Fla., Herbert J. Miller, Jr., Asst. Atty. Gen., William A. Paisley, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before WISDOM and GEWIN, Circuit Judges, and BREWSTER, District Judge.

PER CURIAM.

The appellants were convicted and sentenced under a three count indictment which charged violations of 18 U.S.C. § 2314 relative to the transportation in interstate commerce of certain allegedly forged securities. Counts One and Two charged interstate transportation of Shell Union Oil Corporation bonds knowing the same to have been counterfeited. Count One charged that 11 of such bonds were transported from New Orleans, Louisiana to Miami, Florida, and Count Two that 146 were transported from Chicago, Illinois to Miami, Florida. Count Three alleged a conspiracy to commit the acts set forth in Counts One and Two. One defendant was found guilty on all three counts; one on Counts Two and Three; one on Count Three; and one on Counts One and Three. As to another defendant, the court directed a verdict of acquittal under Count One and the jury acquitted him on the remaining two counts.

The appellants specify numerous errors, including inconsistencies in the jury verdict, improper jury instructions, the refusal of requested instructions, lack of sufficient proof, failure of the Government properly to respond to a motion for a Bill of Particulars, incorrect rulings on the admissibility of evidence, the action of the court in directing the acquittal of one defendant, denial of a severance, and undue limitation of cross-examination on behalf of the defendants.

Counsel for the appellants have strongly urged their contentions by brief, oral argument, and supplemental brief. A careful examination and analysis of the various questions presented and skillfully raised by the appellants during a rather extended trial, fails to convince us that prejudicial error was committed

The judgment is affirmed.